**TRUNG DO**
5850 SCENIC MEADOW LANE
SAN JOSE, CA 95135
(408) 642-8888

Plaintiff IN PRO SE

DAWNALEE BROOKING, LDA NO. 137
COUNTY OF SANTA CLARA 01/30/2013
DAWNALEE'S LEGAL DOCS
123 EAST SAN CARLOS STREET NO. 331
SAN JOSE, CA 95112
(408) 449-1462

√ **FILED**

JUL 13 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT FOR

## THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | CASE NO.: 11-CV-01467-JF |
| TRUNG DO,<br><br>        Plaintiff<br><br>v.<br><br>BANK OF AMERICA CORPORATION - BAC HOME LOANS SERVICING LP (AKA "BAC"), MERS INC., KRIS S. BLEAN, NOTARY PUBLIC, COUNTRYWIDE HOME LOANS INC., RECONSTRUST COMPANY, N.A., AND DOES 1-100,<br><br>        Defendants | **FIRST AMENDED COMPLAINT SEEKING MONETARY DAMAGES, STATUTORY DAMAGES, PUNITIVE DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**<br><br>**CA Commercial Code § 2923.6**<br><br>**California Civil Code § 1717.30**<br><br>**California Civil Code § 1572**<br><br>**JURY TRIAL DEMANDED** |

1

FIRST AMENDED COMPLAINT

Plaintiff, Trung Do alleges herein as follows:

## I.

## **INTRODUCTION**

1. Plaintiff, Trung Do, *(hereinafter* "Plaintiff"), bring this Lawsuit against BANK OF AMERICA CORPORATION - BAC HOME LOANS SERVICING LP (AKA "BAC"), MERS INC., KRIS S. BLEAN, NOTARY PUBLIC, COUNTRYWIDE HOME LOANS INC., RECONSTRUCT COMPANY, N.A., AND DOES 1-100, Inclusive, (hereinafter "Defendants") for its unlawful unfair collection practices arising out of the financing of their personal residence.

2. Plaintiff seeks actual economic and non-economic damages, attorney fees, costs, injunctive relief, and declaratory relief.

## II.

## **CALIFORNIA LEGISLATURE FINDINGS**

3. The California Legislature **found and declared** the following in enacting *California Civil Code 2923.6* on July 8, 2008:

> *(a) California is facing an unprecedented threat to its state economy because of skyrocketing residential property foreclosure rates in California. Residential property foreclosures increased sevenfold from 2006 to 2007, in 2007, more than 84,375 properties were lost to foreclosure in California, and 254,824 loans went into default, the first step in the foreclosure process.*

> *(b) High foreclosure rates have adversely affected property values in California, and will have even greater adverse consequences as foreclosure rates continue to rise. According to statistics released by the HOPE NOW Alliance the number of completed California foreclosure sales in 20'07 increased almost threefold from 1902 in the first quarter to 5574 in the fourth quarter of that year. Those same statistics report that 10,556 foreclosure sales, almost double the number for the prior quarter, were completed just in the month of January 2008. More foreclosures means less money for schools, public safety, and other key services.*

> *(c) Under specified circumstances, mortgage lenders and servicers are authorized under their pooling and servicing agreements to modify mortgage loans when the modification is in the best interest of investors. Generally, that modification may be deemed to be in the best interest of investors when the net present value of the income stream of the modified loan is greater than the amount that would be*

2

FIRST AMENDED COMPLAINT

*recovered through the disposition of the real property security through a foreclosure sale.*

*(d) It is essential to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by modifying the foreclosure process to require mortgagees, beneficiaries, or authorized agents to contact borrowers and explore options that could avoid foreclosure. These Changes in accessing the state's foreclosure process are essential to ensure that the process does not exacerbate the current crisis by adding more foreclosures to the glut of foreclosed properties already on the market when a foreclosure could have been avoided. Those additional foreclosures will further destabilize the housing market with significant, corresponding deleterious effects on the local and state economy.*

*(e) According to a survey released by the Federal Home Loan Mortgage Corporation (Freddie Mac) on January 31, 2008, 57 percent of the nation's late-paying borrowers do not know their lenders may offer alternative to help them avoid foreclosure.*

*(f) As reflected in recent government and industry-led efforts to help troubled borrowers, the mortgage foreclosure crisis impacts borrowers not only in nontraditional loans, but also many borrowers in conventional loans.*

*(g) This act is necessary to avoid unnecessary foreclosures of residential properties and thereby provide stability to California's statewide and regional economies and housing market by requiring early contact and communications between mortgagees, beneficiaries, or authorized agents and specified borrowers to explore options that could avoid foreclosure and by facilitating the modification or restructuring of loans in appropriate circumstances.*

4. *"Operation Malicious Mortgage' is a nationwide operation coordinated by the U.S. Department of Justice and the FBI to identify, arrest, and prosecute mortgage fraud violators."* San Diego Union Tribune, June 19, 2008. As shown below, Plaintiff was victim of such mortgage fraud.

5. *"Home ownership is the foundation of the American Dream. Dangerous mortgages have put millions of families in jeopardy of losing their homes."* CNN Money, December 24, 2007. The Loan which is the subject of this action to Plaintiff is of such character.

6. *"Finding ways to avoid preventable foreclosures is a legitimate and important concern of public policy. High rates of delinquency and foreclosure can have substantial spillover effects on the housing market, the financial markets and the broader economy. Therefore, doing what we, can to avoid preventable foreclosures is not just in the*

3

FIRST AMENDED COMPLAINT

*interest of the lenders and borrowers. It's in everybody's best interest."* Ben Bernanke, Federal Reserve Chairman, May 9, 2008. Plaintiff alleges that Defendants had the duty to prevent such foreclosure, but failed to so act.

7. *"Most of these homeowners could avoid foreclosure if present loan holders would modify the existing loans by lowering the interest rate and making it fixed, capitalizing the arrearages, and forgiving a portion of the loan. The result would benefit lenders, homeowners, and their communities."* CNN Money, id.

8. *"We must stem the spread of foreclosures and falling home values for all Americans, and do everything we can to help responsible homeowners stay in their homes,"* President Obama said February 17, 2009 as he signed the American Recovery and Reinvestment Act into law. The White House Blog posted by Macon Phillips on February 18, 2009.  Few homeowners have experienced any help from the *"Homeowner Affordability and Stability Plan."* The White House Blog, id. Plaintiffs' are not of that sliver that have obtained help.

9. The Gravamen of Plaintiff's complaint is that Defendants violated State and Federal laws which were specifically enacted to protect such abusive, deceptive, and unfair conduct by Defendants, and that Defendants cannot legally enforce a non-judicial foreclosure.

10. Declaratory relief is authorized under 28 U.S.C. 1332(a).

## JURY TRIAL DEMAND

11. Plaintiff demands a jury trial on all issues.

### III.

### JURISDICTION

12. Jurisdiction of this Court arises under *California Code of Civil Procedure §410.10 et seq.*

13. Plaintiff resides here, Defendants transact business here, and the conduct complained of occurred here.

### IV.

### PARTIES

14. Plaintiff, at all times relevant, resided at 5850 Scenic Meadow Lane, San Jose, CA 95135, Parcel No. 1:: 660-61-023-00 (hereinafter the "Plaintiff's Home" or "Property").

15. Defendants, BANK OF AMERICA CORPORATION - BAC HOME LOANS

4

FIRST AMENDED COMPLAINT

SERVICING LP (AKA "BAC"), MERS INC., KRIS S. BLEAN, NOTARY PUBLIC,

COUNTRYWIDE HOME LOANS INC., RECONSTRUCT COMPANY, N.A., & DOES 1-100,

at all times relevant were corporations doing business in California and claim addresses at:

BAC HOME LOANS SERVICING LP (AKA "BAC"),
Agent for Service of Process:
C T CORPORATION SYSTEM
Agent Address:818 W SEVENTH ST
Agent City, State, Zip:
LOS ANGELES CA 90017,

MERS INC
Agent for Service of Process:
CORPORATE SERVICE CENTER OF CALIFORNIA, INC.
Agent Address:2001 WILSHIRE BLVD STE 505
Agent City, State, Zip:
SANTA MONICA CA 90403,

KRIS S. BLEAN, NOTARY PUBLIC,
NOT REGISTERED WITH THE
SECRETARY OF STATE,

COUNTRYWIDE HOME LOANS INC.,
Agent for Service of Process:
C T CORPORATION SYSTEM
Agent Address:818 W SEVENTH ST
Agent City, State, Zip:
LOS ANGELES CA 90017,

RECONSTRUCT COMPANY, N.A.
4100 East Los Angeles Avenue
Simi Valley, CA 93063-3307,

respectively.

16. The true names and capacities, whether individual, corporate (including officers and

directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 100,

inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.

Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is

involved in or is in some manner responsible as a principal, beneficiary, agent, dual agent, co-

conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements,

FIRST AMENDED COMPLAINT

transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and, capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

17. Plaintiff is a "debtor" as defined by the Rosenthal Act, *California Civil Code 1788.2(h)*.

18. Defendants are engaged in the collection of debts from consumers using the mail and telephone.

19. Defendants regularly attempt to collect consumer debts alleged to be due to another.

20. Defendants are "debt collectors" as defined by the Rosenthal Act, *California Civil Code §1788.2(c)*.

21. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, *California Civil Code §1788.2(f)*.

## V.

## FACTS

**Defendants Are Not Holders In Due Course Since Plaintiff Was Duped Into An Improper Loan And There Is No Effective Endorsement:**

22. Plaintiff incurred a "debt" as that term is defined by *California Civil 17 Code §1788(d)* and *15 U.S.C. § 1692a(5)*, when he obtained a Loan on his Personal Residence.

23. The loan is memorialized via a Deed of Trust and Promissory Note, each of which contain an attorney fees provision for the lender should they prevail in the enforcement of their contractual rights that were not filed until 2005.

24. Plaintiff has no experience beyond basic financial matters.

25. Plaintiff's native language is Vietnamese. Plaintiff was never explained the full terms of his loan written in English, including but not limited to the rate of interest how the interest rate would be calculated, what the payment schedule should be, the risks and disadvantages of the loan, the prepay penalties, the maximum amount the loan payment could arise to.

26. Certain fees in obtaining the loan, were also not translated or explained to the Plaintiff, including but not limited to "underwriting fees," "MERS registration fee," "appraisal

6

FIRST AMENDED COMPLAINT

fees," "broker fees", "loan tie in fees," etc.

27. A determination of whether Plaintiff would be able to make the payments as specified in the loan was never truly made.

28. Plaintiff's income was never truly verified.

29. Plaintiff was rushed when signing the documents; the closing process provided no time for review and took minutes to accomplish.

30. Plaintiff could not understand any of the documents and signed them based on representations and the trust and confidence the Plaintiff placed in Defendants' predecessors.

31. Plaintiff is informed and believes that Defendants and/or Defendants' predecessors established and implemented the policy of failing to translate or disclose material facts about the Loan, failing to verify Plaintiff's income, agreeing to accept a Yield Spread Premium, and causing Plaintiff's Loan to include a penalty for early payment.

32. Plaintiff is informed and believes that Defendants and/or Defendants' predecessors established such policy so as to profit, knowing that Plaintiff would be unable to perform future terms of the Loan.

33. Plaintiff was a victim of Fraud in the Factum since the forgoing misrepresentations caused him to obtain the home loan without accurately realizing, the risks, duties, or obligations incurred.

34. The Promissory Note contains sufficient space on the note itself for endorsement whereby any assignment by allonge is ineffective pursuant to *Pribus v. Bush,* 118 Cal. App. 3d 1003 (May 12, 1981).

35. Defendants are not holders in due course due to Fraud in Factum and ineffective endorsement.

## Defendants' Lack Standing To Conduct A Non-Judicial Foreclosure Pursuant To
## *California Civil Code 2932.5*

36. Defendants have no standing to enforce a non-judicial foreclosure.

37. Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale.

38. Plaintiff executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to

FIRST AMENDED COMPLAINT

COUNTRYWIDE HOME LOANS INC.

39. COUNTRYWIDE HOME LOANS INC is the Lender and only party entitled to enforce the Note and any security interest with it.

40. BANK OF AMERICA CORPORATION - BAC HOME LOANS SERVICING LP (AKA "BAC"), MERS INC, and RECONSTRUST COMPANY, N.A. are not listed anywhere in the Deed of Trust or Promissory Note.

41. In California, *California Civil Code § 2932.5* governs the Power of sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments: *"Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, **the power is part of the security** and vests in any person who **by assignment becomes entitled** to **payment** of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."*

42. The Santa Clara County Recorder's Office does not contain any evidence of a recorded assignment from COUNTRYWIDE HOME LOANS INC, to BAC.

43. COUNTRYWIDE HOME LOANS INC has never assigned their rights under the Note.

44. The power of sale may not be exercised by any of the Defendants since there was never an' acknowledged and recorded assignment pursuant to *California Civil Code § 2932.5.*

45. Since the Defendants did not comply with *California Civil Code §2932.5*, the Notice of Intent to Accelerate provisions of *California Civil Code § 2924* was never complied with.

46. BAC never complied with the Notice of Intent to Accelerate provisions of *California Civil Code §2924.*

## Defendants' Lack of Standing to Enforce A Non-Judicial Foreclosure Pursuant To California Commercial Code § 3301

47. A promissory note is personal property and the deed of trust securing a note is a mere incident of the debt it secures, with no separable ascertainable market value. *California Civil Code §§ 657, 663. Kirby v. Palos Verdes Escrow Co.,* 183 Cal. App. 3d 57, 62.

48. Any transfers of the notice and mortgage fundamentally flow back to the note:

>"The assignment of a mortgage without a transfer of the Indebtedness confers no

FIRST AMENDED COMPLAINT

> *right, since debt and security are inseparable and the mortgage alone is not a subject of transfer,* " *Hyde v. Mangan (1891) 88 Cal. 319, 26 P 180, 1891 Cal LEXIS 693; Johnson v. Razy (1919)181 Cal 342, 184 P 657; 1919 Cal LEXIS 358; Bowman v. Sears (1923, Cal App) 63 Cal App 235, 218 P 489, 1923 Cal App LEXIS 199; Treat v. Burns (1932) 216 Cal 216, 13 P2d,724, 1932 Cal LEXIS 554.*

49. *"A mortgagee's purported assignment of the mortgage without an assignment of the debt which is secured is* a *legal nullity." Kelley V. Upshaw* (1952) 39 *Cal 2d* 179, 246 *P2d* 23, 1952 Cal. LEXIS 248.

50. *"A trust deed has no assignable quality independent of the debt; it may not be assigned or transferred apart from the debt; and an attempt to assign the trust deed without a transfer of the debt is without effect." Domarad v. Fisher & Burke, Inc.* (1969 *Cal. App.* 1st Dist) 270 *Cal. App.* 2d 543, 76 *Cal. Rptr.* 529, 1969 *Cal. App.* LEXIS 1556.

51. The Promissory Note is a negotiable instrument.

52. Transferring a Deed of Trust by itself does not allow enforcement of the instrument unless the Promissory Note is properly negotiated.

53. Where an instrument has been transferred, enforceability is determined based upon possession.

54. *California Commercial Code § 3301* limits a negotiable instrument's enforcement to the following:

> *"Person entitled. to enforce" an Instrument means* (a) *the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c)* a *person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section* 3418. *A person may be* a *person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.*

55. None of the Defendants are present holders of the instrument.

56. None of the Defendants are nonholders in possession of the instrument who have rights of the holder.

57. None of the Defendants are entitled to enforce the instrument pursuant to section *3309 or subdivision (d) of Section 3418.*

58. Defendants have no enforceable rights under *California Commercial Code 3301(a)* to enforce the negotiable instrument.

9

FIRST AMENDED COMPLAINT

59. Since there is no right to enforce the negotiable instrument, the Notice of Intent to Accelerate provisions of *California Civil Code § 2924* was never complied with, and there is no subsequent incidental right to enforce any deed of trust and conduct default.

## Plaintiff Suffered Damages As A Result of Defendants' Conduct:

60. As a direct result of Defendants' acts, Plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

61. Plaintiff incurred out of pocket monetary damages.

62. Plaintiff continues to incur monetary damages.

63. Plaintiff will incur the loss of his personal residence if default is allowed to proceed.

64. Each of Defendants harassing acts were so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant statutory penalties and punitive damages.

## VI.

## FIVE (5) CAUSES OF ACTION

## FIRST CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CIVIL CODE 2923.6

65. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

66. Defendants' Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

67. *California Civil Code 2823.6* broadens and extends this PSA duty by requiring servicers to accept loan modifications with borrowers.

68. Pursuant to *California Civil Code 2823.6(a),* a servicer acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

69. *California Civil Code 2823.6(b)* now provides that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or

plan is consistent with its contractual or other authority.

70. Plaintiff's loan is presently in **default.**

71. Plaintiff is willing, able, and ready to execute a modification of his loan on the following terms:

(a) New Loan Amount: 0

(b) New Interest Rate: 0

(c) New Loan Length: 0

(d) New Payment: 0

72. The present fair market value of the Property is $987,400 [found: http://www.zillow.com/homes/5850-SCENIC-MEADOW-LANE-SAN-JOSE,-CA-95135_rb/].

73. The Joint Economic Committee of Congress estimated in June, 2007, that the average foreclosure results in $77,935.00 in costs to the homeowner, lender, local government, and neighbors.

74. Of the $77,935.00 in foreclosure costs, the Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring, and reselling the property to a third party. Freddie Mac places this loss higher at $58,759.00.

75. The **anticipated recovery** through foreclosure on a net present value basis is **$525,000.00 or less.**

76. The **recovery under the proposed loan modification at $530,000.00 exceeds the net present recovery through foreclosure of $525,000.00 by over $5,000.00.**

77. Pursuant to *California Civil Code §2823.6,* Defendants are now contractually bound to accept the loan modification as provided above.

## SECOND CAUSE OF ACTION:
## VIOLATION OF § 1788.17 OF THE RFDCPA

78. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

79. *California Civil Code §1788.17* requires that Defendants comply with the provisions of *15 U.S.C. § 1692,* through their acts including but not limited to, the following:

11

FIRST AMENDED COMPLAINT

(a) The Defendants violated *California Civil Code § 1788.17* by engaging in conduct, the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt, a violations of *15 U.S.C. § 1692(d)*;

(b) The Defendants violated *California Civil Code § 1788.17* by misrepresenting the status of the debt, a violations of *15 U.S.C.* § 1692(e)(s)(A);

(c) The Defendants violated *California Civil Code § 1788.17* by using unfair or unconscionable means to collect or attempt to collect a debt, a violation *15 U.S.C. § 1692(f)*; and

(d) The Defendants violated *California Civil Code § 1788.17* by using deceptive means to collect or attempt to collect a debt from the Plaintiff, a violation of *15 U.S.C. § 1692e(10)*.

80. The foregoing violations of *15 U.S.C. § 1692* by Defendants result in separate violations of *California Civil Code § 1788.17*.

81. The forgoing acts by Defendants were willful and knowing violations of Title 1.6C of the *California Civil Code* (FRDCPA), are sole and separate violations under *California Civil Code § 1788.30(b)*, and trigger **multiple $1,000.00 penalties.**

82. *California Civil Code § 1788.17*provides that Defendants are subject to the remedies of *15 U.S.C. § 1692(k)*, for failing to comply with the provisions of *15 U.S.C. § 1692(b)(6) and § 1692(c)c.*

83. The foregoing acts by Defendants were intentional persistent, frequent, and devious violations of *15 U.S.C. § 1692*, which trigger **additional damages of $1,000.00 under** *15 U.S.C. § 1692(k)(a)(2)(A).*

## THIRD CAUSE OF ACTION:
## <u>VIOLATION OF CIVIL CODE §1572</u>

84. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

85. The misrepresentations by Defendants' and/or Defendants' predecessors, failures to disclose, and failure to investigate as described above were made with the intent to induce Plaintiff to obligate himself on the Loan in reliance on the integrity of Defendants and/or Defendants' predecessors.

86. Plaintiff is an unsophisticated customer whose reliance upon Defendants and/or Defendants' predecessors was reasonable and consistent with the Congressional intent and

FIRST AMENDED COMPLAINT

purpose of *California Civil Code § 1572* enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

87. As an unsophisticated customer, Plaintiff could not have discovered the true nature of the material facts on his own.

88. The accuracy by Defendants and/or Defendants' predecessors of representation is important in enabling consumers such as Plaintiff to compare market lenders in order to make informed decisions regarding lending transactions such as a loan.

89. Plaintiff was ignorant of the facts which Defendants and/or Defendants' predecessors misrepresented and failed to disclose.

90. Plaintiff's reliance on Defendants and/or Defendants' predecessors was a substantial factor in causing him harm.

91. Had the terms of the Loan been accurately represented and disclosed by Defendants and/or Defendants' predecessors, Plaintiff would not have accepted the Loan nor been harmed.

92. Had Defendants and/or Defendants' predecessors investigated Plaintiff's financial capabilities, they would have been forced to deny Plaintiff on this particular loan.

93. Defendants and/or Defendants' predecessors conspired and agreed to commit the above mentioned fraud.

94. As a proximate result of Defendants and or Defendants' predecessors fraud, Plaintiff has suffered damage in an amount to be determined at trial.

95. The conduct of Defendants and/or Defendants' predecessors as mentioned above was fraudulent within the meaning of *California Civil Code § 3294(c)(3),* and by virtue thereof Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and make an example of the Defendants.

**FOURTH CAUSE OF ACTION:**

**<u>DECLARATORY RELIEF AGAINST DEFENDANTS</u>**

96. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

97. Defendants contend that they have the right to default on Plaintiff's Home, including without limitation, foreclosure, and/or conducting a trustee's sale relative to the Property.

98. Defendants do not have standing or any enforceable right to enforce the note and any

13

FIRST AMENDED COMPLAINT

incidental rights to collateral so as to default and/or foreclose on Plaintiff's Home, including without limitation, conducting a trustee's sale relative to that Property.

99. An actual controversy presently exists between Plaintiff and Defendants as to the existence of Defendants' ability or right to foreclose on Plaintiff's Home.

100. A judicial decision is necessary and appropriate at this time so that Plaintiff and Defendants may ascertain their respective rights relative to Plaintiff's Home.

## FIFTH CAUSE OF ACTION:
## INJUNCTIVE RELIEF AGAINST DEFENDANTS

101. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

102. Defendants do not have standing or enforceable right to enforce the note and any incidental right to collateral so as to foreclose on Plaintiff's Home, including without limitation, conducting a trustee's sale relative to that Property.

103. Defendants threaten to, and unless restrained, will foreclose upon Plaintiff's Property by conducting a trustee's sale or causing a trustee's sale to be conducted, or otherwise.

104. Any such action would result in a new cause of action for "wrongful foreclosure," cause irreparable harm to Plaintiff, and will cause pecuniary compensation which will not afford adequate relief because Plaintiff's Property is unique.

105. Injunctive relief is necessary to enjoin Defendants from foreclosing upon Plaintiff's Property since they lack standing and any enforceable rights under the Promissory Note.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff having set forth the claims for relief against Defendants, respectfully pray that this Court grant the following relief against the Defendants:

106. For exemplary and punitive damages;

107. Statutory damages pursuant to California Civil Code §1788.30(a) and 15 U.S.C. § 1692(k)(a)(2)(A);

108. Actual Economic and Non-Economic Damages;

14

FIRST AMENDED COMPLAINT

109. Costs and reasonable attorney's fees pursuant to *California Civil Code* §1717, §1788.30(b), §1788.30(c);

110. For a declaration of the rights of the parties relative to Plaintiff's Home, including a declaration that Defendants have no enforceable lien against Plaintiff's Home;

111. For a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all person acting under, for, or in concert with them, from foreclosing on Plaintiff's Property or from conducting at trustee's sale or causing a trustee's sale to be conducted relative to Plaintiff's Home.

112. If the trustee's sale goes forward, cancellation of the sale and restitution of the Property to the Plaintiffs; and

113. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

_____ July 13, 2011

Trung Do, Plaintiff In Pro Se

## VERIFICATION

TRUNG DO declares: I am the Plaintiff in the above action. I declare under penalty of perjury under the laws of California that the foregoing is true and correct, except for matters stated on information and belief, and as to those matters, I believe them to be true. Executed at San Jose, California on July 13, 2011.

Respectfully Submitted,

_____ July 13, 2011

Trung Do, Plaintiff In Pro Se

15

FIRST AMENDED COMPLAINT