**BRYAN CAVE LLP**
Andrea M. Hicks, Bar No. 219836
Sean M. Fischer, Bar No. 189287
Two Embarcadero Center, Suite 1410
San Francisco, CA 94111-3907
Telephone: (415) 675-3400
Facsimile: (415) 675-3434
E-Mail: andrea.hicks@bryancave.com

Stuart W. Price, California Bar No. 125918
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
E-Mail: swprice@bryancave.com

Attorneys for Defendants
BANK OF AMERICA, N.A. (erroneously sued as "Bank of America Corporation," and "Countrywide Home Loans Inc.,") and as successor by merger to BAC HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (erroneously sued as MERS, Inc.) and RECONTRUST COMPANY, N.A.

**UNITED STATES DISTRICT COURT FOR**

**THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| TRUNG DO,<br><br>            Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION – BAC HOME LOANS SERVICING LP (AKA "BAC"), MERS INC., KRIS S. BLEAN, NOTARY PUBLIC, COUNTRYWIDE HOME LOANS INC., RECONTRUST COMPANY, N.A., AND DOES 1-100,<br><br>            Defendants. | Case No. CV 11-01467 (JF)<br><br>[Assigned to Honorable Jeremy Fogel, Courtroom 3, 5th Floor, San Jose]<br><br>**DEFENDANTS BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND RECONTRUST COMPANY, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Declaration of Sean M. Fischer Filed Concurrently]<br><br>Date: To Be Determined<br>Time:<br>Courtroom: |

Defendants BANK OF AMERICA, N.A. (erroneously sued as "Bank of America Corporation," and "Countrywide Home Loans Inc.,") and as successor by merger to BAC HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (erroneously sued as MERS, Inc.) and RECONTRUST COMPANY, N.A. respectfully submit this Reply in support of their Motion for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the First Amended Complaint of plaintiff TRUNG DO with prejudice.

## I. PROCEDURAL BACKGROUND

Defendants filed a Motion to Dismiss on August 1, 2011 and Plaintiff filed timely an Opposition on August 15, 2011. In his Opposition, Plaintiff correctly points-out that Defendants failed to serve him with a copy of the Motion to Dismiss. This was an oversight on the part of Defendants' counsel. (*See, Declaration of Sean M. Fischer*, filed concurrently herewith.)

On August 22, 2011, Defendants' counsel called Plaintiff and spoke with him by telephone. (*See, Declaration of Sean M. Fischer*.) Defendants' counsel informed Plaintiff that the failure to serve him was inadvertent and offered to re-notice the Motion to Dismiss if Plaintiff wanted more time to respond. (*Id.*) Plaintiff declined, stating that he had already filed his Opposition and did not need more time. (*Id.*) Accordingly, Defendants are filing this Reply rather than re-noticing the hearing and urge the Court to consider the Motion to Dismiss, Opposition and Reply as timely filed and served.

However, if the Court is concerned that Plaintiff has not received sufficient notice as to the time, date and place of the hearing, Defendants will re-notice the Motion to Dismiss to be heard at a later date.

## II. LEGAL ARGUMENT

### A. Summary of Plaintiff's Positions

As best Defendants are able to understand, Plaintiff appears to assert five reasons why the Motion to Dismiss should not be granted.

First, Plaintiff's Opposition contains a section titled "Facts in Dispute," apparently asserting that because there are disputed facts, Defendants' Motion to Dismiss should be denied.

Second, Plaintiff asserts that the applicable statute(s) of limitations should be tolled.

1   Third, Plaintiff offers a theory regarding different meanings of the words "financial
2   capabilities" and "affordability."
3   Fourth, Plaintiff contends that Defendants are "debt collectors" under Section 1788, et seq.
4   of the California Civil Code, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").
5   Finally, Plaintiff appears to assert that because a motion to dismiss was denied in part in a
6   securities class action, that this court must deny Defendants' Motion to Dismiss.
7   Plaintiff does not dispute any other matters raised in the Motion to Dismiss and does not
8   oppose the Request for Judicial Notice.

### B. Whether There are Disputed Facts is Irrelevant to a Motion to Dismiss

Defendants understand that Plaintiff is acting *pro se* and may not be familiar with legal terms of art. It appears, however, that Plaintiff may be asserting that the Motion to Dismiss should be denied because there are disputed facts. This is not the standard for a motion pursuant to Rule 12(b)(6). Indeed, Plaintiff's allegations are accepted as true, except that the court should disregard allegations that are contradicted by exhibits to the complaint, or by documents referred to in the complaint and considered pursuant to judicial notice. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555 (stating that mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss (citations omitted)). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. In addition, "the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled." *Henderson v. Felker*, No. CIV S-06-1325 FCD EFB P, 2008 U.S. Dist. LEXIS 16518, at *14 (E.D. Cal. Mar. 4, 2008).

1  In reviewing a motion to dismiss, a court may consider the complaint, any written
2 instrument attached to the complaint, statements or documents incorporated into the complaint by
3 reference, and documents possessed by or known to the plaintiff and upon which it relied in
4 bringing the suit. *ATSI Comm., Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The
5 court should disregard allegations that are contradicted by exhibits to the complaint, or by
6 documents referred to in the complaint and considered pursuant to judicial notice. *Durning v. First*
7 *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Moreover, where the facts and dates alleged
8 in the Complaint indicate that a claim is barred by the statute of limitations, a motion to dismiss
9 for failure to state a claim lies because the action is time barred. *Jablon v. Dean Witter & Co.*, 614
10 F.2d 677, 682 (9th Cir. 1980).

11  Here, the only specific fact Plaintiff contends is disputed is the date of his loan.
12 (Opposition, 3:7) However, the duly recorded Deed of Trust is clearly signed and dated
13 September 29, 2005 and recorded on October 5, 2009. (Request for Judicial Notice ("RJN") at
14 Exh. B). Accordingly, to the extent this fact is relevant to the Motion to Dismiss, the Court may
15 conclude that the date of the loan was the date shown on the recorded documents.

16  **C.   Plaintiff Has Not Alleged Facts to Toll Any Applicable Statutes**

17  In his Opposition, Plaintiff seems to assert that a statute of limitations has been tolled
18 because he "discovered the violations on or about March, 2011 by forensic audit." (Opposition,
19 3:11-12) Plaintiff fails to identify which statute(s) is/are tolled, and more importantly, this
20 allegation does not appear in the FAC. Plaintiff cannot overcome a Motion to Dismiss by alleging
21 new facts in his Opposition.

22  **D.   Plaintiff Theory Regarding "financial capabilities" and "affordability" is**
23         **Without Merit**

24  Plaintiff seems to advance a theory regarding different meanings of the words "financial
25 capabilities" and "affordability," but does not explain how this relates to the Motion to Dismiss.
26 To the extent Plaintiff might be arguing that any distinction relates to his allegations of duty and
27 fraud, Plaintiff is mistaken.

28  In his FAC, Plaintiff alleges "A determination of whether Plaintiff would be able to make

1 the payments as specified in the loan was never truly made," "Plaintiff's income was never truly
2 verified," Defendants had a policy of "failing to verify Plaintiff's income [and] knowing that
3 Plaintiff would be unable to perform future terms of the Loan," and that "[h]ad Defendants and/or
4 Defendants' predecessors investigated Plaintiff's financial capabilities, they would have been
5 forced to deny Plaintiff on this particular loan." (FAC ¶¶ 27, 28, 31, 32 and 92)

6 Underwriting protocols such as the verification of a borrower's income are designed to
7 protect the *lender*, not the borrower. *See Swanson v. EMC Mortgage Corp.*, No. CV F-09-1507
8 LJO DLB, 2009 WL 3627925, *7 (E.D. Cal. Oct. 29, 2009) ("The lender's efforts to determine the
9 creditworthiness and ability to repay by a borrower are for the lender's protection, not the
10 borrower's."); *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (holding that lender owes no
11 duty of care to ensure borrowers can afford loan).

12 In addition, Defendants had no duty to advise Plaintiff whether he could afford the home
13 loan. *Cross v. Downey Sav. & Loan Ass'n*, No. CV 09-317 CAS (SSx), 2009 WL 481482, at *5
14 (C.D. Cal. Feb. 23, 2009), *see also*, *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 436
15 (2010) (lender has no duty to advise the borrower as to the affordability of her loan). As the
16 *Perlas* Court noted, borrowers like Plaintiff are in a better position than anyone to understand their
17 finances and decide if a loan is "appropriate" for them. *Id.*

18 Plaintiff's theory regarding different meanings of the words "financial capabilities" and
19 "affordability" is without impact.

20 **E.    Defendants are not Subject to the RFDCPA**

21 Plaintiff mistakenly contends that Defendants are "debt collectors" under the RFDCPA.
22 The RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business,
23 regularly, on behalf of himself or herself or others, engages in debt collection." Civ. Code §
24 1788.2(c). Notably, collections pursuant to a Deed of Trust securing residential property are not
25 within the ambit of the RFDCPA. *See generally Gates v. Wachovia Mortg.*, FSB, No. 2:09-cv-
26 02464, 2010 WL 4025064, at *2 (E.D.Cal. Oct. 13, 2010) (citing recent cases for the rule that a
27 residential mortgage loan does not qualify as a debt under the Rosenthal Act). The act of
28 "foreclosure does not constitute debt collection under the RFDCPA." *Izenberg v. ETS Servs.,*

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1  *LLC*, 589 F.Supp. 2d 1193, 1199 (C.D.Cal. 2008) (internal citation omitted); *see also Connors v.*
2  *Home Loan Corp.*, No. 08cv1134-L, 2009 WL 1615989, at *5 (S.D.Cal. June 9, 2009) (internal
3  citation omitted) ("The 'activity of foreclosing on [a] property pursuant to a deed of trust is not the
4  collection of a debt within the meaning of [ ] the R-FDCPA"). By extension, then, "foreclosure
5  related actions [ ] do not implicate the RFDCPA." *Gonzalez v. First Franklin Loan Servs.*, No.
6  1:09-CV-00941, 2010 WL 144862, at *7 (E.D.Cal. Jan. 11, 2010).

7  The letters Plaintiff attached to his Opposition are not judicially noticeable and merely
8  show collection efforts made pursuant to a deed of trust. Because Plaintiff does not specifically
9  identify the section of the RFDCPA that Defendants allegedly violated, does not allege salient
10 facts as to how Defendants violated the RFDCPA and because collection efforts made pursuant to
11 a deed of trust do not fall within the ambit of the RFDCPA, Plaintiff's claim fails.

12 **F.     The Securities Class Action is Irrelevant**

13 Plaintiff references an opinion issued in a securities class action, and attaches a copy of the
14 opinion to somehow suggest that because a motion to dismiss was denied in part in *that* action,
15 that this court must deny Defendants' Motion to Dismiss in *this* action. Plaintiff's position is
16 simply without merit.

17 **III.    CONCLUSION**

18 For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended
19 Complaint must be granted in its entirety with prejudice.

21 Dated: August 22, 2011                **BRYAN CAVE LLP**
                                          Stuart W. Price
22                                        Andrea M. Hicks
                                          Sean M. Fischer
23
24                                        By:  */s/ Sean M. Fischer*
                                               Sean M. Fischer
25                                        Attorneys for Defendants
                                          BANK OF AMERICA, N.A.; MORTGAGE
26                                        ELECTRONIC REGISTRATION SYSTEMS,
                                          INC. AND RECONTRUST COMPANY, N.A.