UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRUNG DO,<br><br>        Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA CORPORATION – BAC HOME LOANS SERVICING LP (AKA "BAC"), MERS INC., KRIS S. BLEAN, NOTARY PUBLIC, COUNTRYWIDE HOME LOANS INC., RECONTRUST COMPANY, N.A., AND DOES 1-100,<br><br>        Defendants. | Case No: C 11-01467 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Docket 34. |

On March 25, 2011, pro se Plaintiff Trung Do ("Plaintiff") brought this action, alleging twenty-four causes of action in connection with a foreclosure proceeding on his residence. Dkt. 1. Plaintiff filed a first amended complaint ("FAC") on July 13, 2011, alleging a federal claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1682 et seq., as well as claims predicated on state law. Dkt. 31. The parties are presently before the Court on Defendants'[1] motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 34. Plaintiff opposes the motion. Dkt. 41. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. The Court GRANTS the motion to dismiss as to Plaintiff's FDCPA

---

[1] All of the named Defendants (collectively "Defendants") have moved to dismiss the FAC except for Kris Blean. However, because Kris Blean has not been served under Rule 4 of the Federal Rules of Civil Procedure, this Court does not have jurisdiction over Kris Blean. See Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).

claim, which is dismissed with prejudice. The Court DENIES the motion in all other respects without prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, which are DISMISSED without prejudice to the refiling of these claims in a state court action. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. Factual Background

Plaintiff is the owner of real property located at 5850 Scenic Meadow Lane, San Jose, CA 95135 (the "Property"). FAC ¶ 14, Dkt. 31; Defs.' Request for Judicial Notice ("RJN"), Exhs. A-B. On September 29, 2005, Plaintiff executed a home loan agreement with Countrywide Home Loans, Inc., entitled "InterestOnly Adjustable Rate Note." Defs.' RJN, Exh. A. In return for the loan, Plaintiff promised to pay Countrywide Home Loans, Inc. $1,072,600.00, and agreed to make his first payment on December 5, 2005. Id. The Note was secured by a Deed of Trust executed on September 30, 2005, which identifies Plaintiff as the "Borrower," Countrywide Home Loans, Inc. as the "Lender," ReconTrust Company, N.A. as the "Trustee," and Mortgage Electronic Registration Systems, Inc. as the "Beneficiary." Defs.' RJN, Exh. B.

Plaintiff's native language is Vietnamese, and he claims to have no financial experience beyond basic matters. FAC ¶ 24-25. Plaintiff alleges that the terms of his loan, which are written in English, were never fully explained to him, including how the interest rate would be calculated, what the payment schedule would be, the risks and disadvantages of the loan, the prepayment penalties, and the maximum amount the loan payment could rise to. Id. ¶ 25. He further alleges that certain fees in obtaining the loan, such as underwriting fees, MERS fees, appraisal fees, broker fees, and loan tie-in fees were not translated into Vietnamese or explained to him. Id. ¶ 26. Plaintiff also alleges that a determination of whether he would be able to make the loan payments was never truly verified, he was rushed into signing loan documents that he did not understand, and he

signed the loan documents based on the representations as well as the trust and confidence he placed in "Defendants' predecessors." Id. ¶¶ 27-30.

Plaintiff claims that "Defendants, and/or Defendants' predecessors, established and implemented the policy of failing to translate or disclose material facts about the Loan, failing to verify Plaintiff's income, agreeing to accept a Yield Spread Premium, and causing Plaintiff's Loan to include a penalty for early payment" for the purpose of profiting, "knowing that Plaintiff would be unable to perform future terms of the Loan." FAC ¶¶ 31-32. Plaintiff further claims that he is a victim of fraud since Defendants' "misrepresentations caused him to obtain the home loan without accurately realizing[] the risks, duties, or obligations incurred." Id. ¶ 33.

Plaintiff's loan "is presently in default." FAC ¶ 70. However, Plaintiff is willing to execute a loan modification so long as his new loan amount is reduced to zero. Id. ¶ 71.

### B. Procedural History

On March 25, 2011, Plaintiff commenced the instant action. See Compl. Plaintiff filed an amended complaint on July 13, 2011, alleging causes of action arising under federal and state law. See FAC. Plaintiff asserts that he brought this action against Defendants for their unlawful and unfair "collection practices arising out of the financing of [his] personal residence." FAC ¶ 1. According to Plaintiff, the "[g]ravamen of [his] complaint is that Defendants violated State and Federal laws which were specifically enacted to [prohibit the] abusive, deceptive, and unfair conduct by Defendants, and that Defendants cannot legally enforce a non-judicial foreclosure." Id. ¶ 9. On August 1, 2011, Defendants filed a motion to dismiss. Dkt. 34. On August 15, 2011, Plaintiff filed an opposition. Dkt. 41. A reply was filed on August 22, 2011. Dkt. 47. Plaintiff filed a "supplemental" opposition on February 21, 2012. Dkt. 60.

## II. DISCUSSION

### A. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support

a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint is properly dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

**B.  Judicial Notice**

In connection with their motion to dismiss, Defendants filed a request for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. Dkt. 35. Defendants request that the Court take judicial notice of nine documents, including (1) a document entitled "InterestOnly Adjustable Rate Note," dated September 29, 2005, and (2) a Deed of Trust, recorded in the Santa Clara County Recorder's Office as Document No. 18610204 on October 5, 2005. See id.

1    A court may judicially notice a fact that is not subject to reasonable dispute because
2 it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be
3 accurately and readily determined from sources whose accuracy cannot reasonably be
4 questioned. Fed.R.Evid. 201(b). A court may take judicial notice of matters of public
5 record without converting a motion to dismiss into a motion for summary judgment. Lee v.
6 City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Additionally, under the
7 "incorporation by reference" doctrine, a court may consider documents whose contents are
8 alleged in a complaint and whose authenticity no party questions, but which are not
9 physically attached to the plaintiff's pleading. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th
10 Cir. 2005). The incorporation by reference doctrine also applies "to situations in which the
11 plaintiff's claim depends on the contents of a document, the defendant attaches the
12 document to its motion to dismiss, and the parties do not dispute the authenticity of the
13 document, even though the plaintiff does not explicitly allege the contents of that document
14 in the complaint." Id.

15    Having reviewed the exhibits attached to Defendants' RJN, the Court takes judicial
16 notice of the "InterestOnly Adjustable Rate Note" under the "incorporation by reference"
17 doctrine. The Court also takes judicial notice of the Deed of Trust because it is a public
18 record. The Court, however, declines to take judicial notice of the other exhibits attached
19 to Defendants' RJN as they are not relevant to the disposition of the instant motion.

20    **C.    Federal Claim**

21    Plaintiff does not specifically allege a claim under the FDCPA. However, he
22 expressly alleges that Defendants violated 15 U.S.C. § 1692 by engaging in harassing,
23 oppressive, and abusive conduct in connection with collecting his debt. FAC ¶¶ 79, 83.
24 Specifically, Plaintiff alleges that Defendants misrepresented the status of his debt, used
25 unfair or unconscionable means to collect or attempt to collect his debt, and used deceptive
26 means to collect or attempt to collect his debt. Id. ¶ 79. Plaintiff further alleges that such
27 acts "were intentional, persistent, frequent, and devious violations of 15 U.S.C. § 1692."
28 Id. ¶ 83

The FDCPA prohibits "debt collectors" from engaging in various unlawful debt collection practices, including the making of "false, deceptive or misleading representations." 15 U.S.C. §§ 1692a, 1692e. A "debt collector" includes any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Id. § 1692a(5).

Though the Ninth Circuit has not yet decided whether the FDCPA applies to a non-judicial foreclosure, this Court and other district courts have previously concluded that it does not. See, e.g., Aniel v. Litton Loan Serv., LP, 2011 WL 635258, at *3-4 (N.D. Cal. 2011) (finding that the FDCPA does not apply to non-judicial foreclosures) (Armstrong, J.); Hanaway v. JPMorgan Chase Bank, 2011 WL 672559, at *4 (C.D. Cal. 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co., 2010 WL 3154087, at *1 (N.D. Cal. 2010) ("allegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA") (White, J.); Deissner v. Mortgage Elec. Regis. Sys., 618 F.Supp.2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."), aff'd, 2010 WL 2464899 (9th Cir. 2010) (internal quotation marks omitted); Landayan v. Wash. Mutual Bank, 2009 WL 3047238, at * 3 (N.D. Cal. 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA") (citing Maguire v. Citicorp. Retail Svcs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)) (Whyte, J.).

Accordingly, because Plaintiff has not stated, and based on the allegations in the FAC, cannot state a viable claim under the FDCPA predicated on the foreclosure of his home, Plaintiff's FDCPA claim is dismissed without leave to amend.

### D. Remaining State Law Claims

All of Plaintiff's remaining claims are predicated on California state law. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010). " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.' " Sanford, 625 F.3d at 561. Having now dismissed the sole federal claim alleged against Defendants, the Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims. See City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1008 (9th Cir. 2010) (holding that district court acted within its discretion in declining to exercise supplemental jurisdiction after granting summary judgment on all federal claims); see also Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court. . . .").

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. The Court GRANTS the motion to dismiss as to Plaintiff's FDCPA claim, which is dismissed with prejudice. The Court DENIES the motion in all other respects without prejudice.

2. The Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims, which are dismissed without prejudice to the refiling of these claims in a state court action.

3. This Order terminates Docket 34.

1     4.     The Clerk shall close the file and terminate all pending matters.

2    IT IS SO ORDERED.

3 Dated: 3/29/12                              _____

4                                            SAUNDRA BROWN ARMSTRONG
                                           United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DO,

        Plaintiff,

 v.

BANK OF AMERICA ET AL et al,

        Defendant.
                                         /

Case Number: CV11-01467 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Trung Do
5850 Scenic Meadow Lane
San Jose, CA 95135

Dated: March 29, 2012

                                        Richard W. Wieking, Clerk

                                                  By: Lisa Clark, Deputy Clerk